UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ENI,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                    Respondents. | Case No.: 25-CV-3524 JLS (DEB)<br><br>**ORDER (1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS, AND**<br><br>**(2) GRANTING PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 1, 3) |

  Presently before the Court is Petitioner Felix Eni's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Petitioner, a Nigerian national, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since October 31, 2025, when he was arrested by officers at Camp Pendleton while working as a Lyft driver. Pet. at 4. Petitioner claims that he is detained by ICE in violation of 8 C.F.R. § 241.4(l) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 13, 16.

  Having reviewed the Petition, the Court finds that summary dismissal of the Petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal.

2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)). Accordingly, the Court **ORDERS** as follows:

(1) Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a response to the Petition no later than December 16, 2025. This response must include a memorandum of law and fact fully stating Respondents' position and copies of all documents, orders, and transcripts relevant to the Petition.

(2) Petitioner **MAY FILE** a traverse no later than December 19, 2025.

(3) The Clerk of the Court **SHALL SERVE** a copy of this Order and the Petition on the Civil Division of the United States Attorney's Office for the Southern District of California.

## MOTION TO SEAL

Presently before the Court is Petitioner Felix Eni's Motion to File Documents Under Seal ("Mot.," ECF No. 3). Having carefully considered Petitioner's arguments, the information Petitioner seeks to seal, and the relevant law, the Court **GRANTS** Petitioner's Motion.

### I. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d

1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II.     Analysis

Petitioner seeks leave to file under seal portions of his Petition (ECF No. 1) and Notice of Motion and Memorandum of law in Support of Temporary Restraining Order ("TRO Mot.," ECF No. 2), and his First Declaration (ECF No. 1 Ex. A), his Order of Supervision (ECF No. 1 Ex. B) submitted in support of his Petition, and his complete Motion to File Under Seal (ECF No. 4) in their entirety. Petitioner asserts that the documents contain confidential information related to his asylum and Convention Against

Torture ("CAT") protection. Mot. at 4. Petitioner further seeks to publicly file redacted copies of his Petition and TRO Motion. *Id.* at 5. The Petition and TRO Motion are "more than tangentially related to the merits of the case," therefore, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. The information Petitioner seeks to file under seal concerns Petitioner's medical information and the basis for Petitioner's withholding of removal order under the CAT. *Id.* at 4–5. Petitioner has expressed a fear for his safety if this information were public. *Id.* The Court finds that these requests are narrowly tailored and sufficiently meet the compelling reasons standard. *See, e.g.*, *Ambrocio Garcia v. Noem*, No. 25-cv-3319 BAS (DEB), ECF No. 5 at 3–4, (S.D. Cal. Dec. 1, 2025) (granting motion to seal petitioner's declaration and mental health records and publicly file redacted copies of habeas petition); *Ndandu v. Noem, et al.*, No. 25-cv-2939 RBM (MSB), ECF No. 2 at 3, 6 (S.D. Cal. Nov. 14, 2025) (granting motion to seal concerning documents related to asylum and CAT protection because they had the potential to identify him and subject him to physical harm if made public).

### III. Conclusion

In light of the foregoing, the Court **GRANTS** Petitioner's Motion to File Documents Under Seal (ECF No. 3). Petitioner may publicly file redacted copies of his Petition (ECF No. 1) and Notice of Motion and Memorandum of Law in Support of Temporary Restraining Order (ECF No. 2). The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted documents submitted by Petitioner: Motion for Under Seal Filing (ECF No. 4), Petition for Writ of Habeas Corpus (ECF No. 4-1), Exhibit A (ECF No. 4-2), Exhibit B (ECF No. 4-3), and Notice of Motion and Memorandum of Law in Support of Temporary Restraining Order (ECF No. 4-4).

**IT IS SO ORDERED.**

Dated: December 12, 2025

Hon. Janis L. Sammartino
United States District Judge